# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLNER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DR. DILEO, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-00507-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>[ECF No. 7]<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff James Millner is a state prisoner appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction and a temporary restraining order, filed on May 8, 2017. (ECF No. 7.)

**I.**

**INTRODUCTION**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is housed at Kern Valley State Prison ("KVSP"). This action proceeds on Plaintiff's claim for deliberate indifference to a serious medical need based on a delay in wrist surgery against Defendants Dr. Larry Dileo, Dr. Ulit, Chief Physician Spaeth, and the Chief Medical Examiner. Service of those defendants is in process. (ECF Nos. 12, 13, 14.)

In the instant motion, Plaintiff asserts that he continues to be denied appropriate medical care, and he seeks a temporary restraining order and preliminary injunction to ensure that he receives proper care. (ECF No. 7.)

1

On September 13, 2017, the Court directed the Attorney General to make a special appearance on behalf of the unserved Defendants. (ECF No. 9.) On September 26, 2017, the Attorney General filed an opposition to Plaintiff's motion on behalf of the unserved Defendants on a special limited appearance.[1] (ECF No. 10.)

The deadline to file a reply brief has passed, and none was filed. The motion is now deemed submitted without oral argument. Local Rule 230(l).

## II.

## DISCUSSION

### A. Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff alleges that he broke his wrist on July 28, 2013 due to a fall because of a broken foot. Plaintiff underwent multiple surgeries, the last of which was on December 2, 2015. On June 25, 2016, Dr. Amory ordered surgery to correct hardware loosening and to shorten Plaintiff's ulna. Plaintiff argues that he has been denied this surgery, resulting in pain and loss of function in his hand. Therefore, he seeks a temporary restraining order and preliminary injunction requiring that he receive the surgery ordered by Dr. Amory.

The unserved Defendants oppose Plaintiff's motion, arguing that Plaintiff has not demonstrated a medical necessity for the surgery he is requesting, nor has he shown an imminent need for it. Defendants further argue that any mandatory injunction requiring the surgery here would alter the status quo, not preserve it. Also, contrary to Plaintiff's contentions, Defendants assert that Plaintiff's previous surgeries have not fully repaired his wrist in part due to his habit of mutilating his surgical site after the surgeries. According to Defendants, another surgery and subsequent self-mutilation could lead to an infection that further damages Plaintiff's wrist and reduces its functioning. As a result, prison officials concluded that another surgery would not medically benefit Plaintiff, and that a conservative course of treatment should be pursued.

///

---

[1] In making the special appearance as ordered, the Attorney General's Office contends that it does not accept service on behalf of any unserved Defendants, or waive any objection or defense that could be raised regarding service or jurisdiction. (ECF No. 10 at p. 3 n1.)

**B.     Legal Standards**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added). The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the Court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2). The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

**C.     Analysis**

Plaintiff has not made a clear showing that he is entitled to the issuance of a temporary restraining order or preliminary injunction requiring that he be provided surgery.

In support of Defendants' opposition to Plaintiff's motion, Defendant's provided medical records for Plaintiff, (ECF Nos. 10-2 through 10-5), and the declaration of Chief Physician Spaeth concerning those records. (Declaration of M. Spaeth Supporting Unserved Defendants' Response to Motion for Preliminary Injunction (Spaeth Decl.), ECF No. 10-1). Plaintiff did not

contest the authenticity of these records or otherwise challenge the representations made in the records.

The records show that on June 28, 2016, Physician Assistant Ogbuehi and Dr. Ulit submitted a Physician Request for Services form for Plaintiff to receive a surgery on his wrist. (Spaeth Decl. ¶ 4; Physician Request For Services Form, ECF No. 10-2, at p. 2) The request was marked routine, as opposed to emergent or urgent. (Id.) The request also noted that Plaintiff has a history of self-mutilating his wound sites following surgery. (Id.)

The surgery request was deferred to the Medical Authorization Review committee ("MAR committee"), and was denied on July 7, 2016 because the MAR committee determined that the surgery would not medically benefit Plaintiff. (Spaeth Decl. ¶¶ 5-6; Physician Request For Services Form at p. 2.) The committee's decision was based on Plaintiff's history of unsuccessful surgeries and medical records showing that there appeared to be little to no impact on Plaintiff's activities of daily living. (Id.)

On August 3, 2016, PA Ogbuehi informed Plaintiff of the MAR committee's decision. (Spaeth Decl. at ¶ 7; Primary Care Provider Progress Notes, ECF No. 10-3, at p. 2.) Plaintiff continued to receive medical care for his wrist and other conditions. (Spaeth Decl. ¶¶ 7-9, ECF Nos. 10-3 through 10-5.)

On March 16, 2017, Plaintiff was seen by Dr. Ulit. (Spaeth Decl. ¶ 8, Medical Progress Note, ECF No. 10-4, at pp. 2-3.) Dr. Ulit noted that Plaintiff complained of pain in his left wrist, but that his wrist was functional and able to move his fingers without problem. (Id.)

On June 6, 2017, Plaintiff was seen by Dr. Ulit. (Spaeth Decl. ¶ 9, Outpatient Progress Note, ECF No. 10-5, at pp. 2-3.) Dr. Ulit again noted that Plaintiff did not receive surgery due to his noncompliance with care, and that his wrist is functional despite deformity. (Id.)

Based on the limited facts available in the record at this juncture, Plaintiff has not shown any likelihood of success on the merits. The limited medical records show that Plaintiff receives regular medical attention, and that the decision to deny him surgery was based on a medical determination regarding the likelihood that the surgery would not benefit Plaintiff. Although Plaintiff disagrees with the denial determination and still suffers pain, he has not made a clear

showing that he is receiving a level of medical care that would violate constitutional standards and that he is therefore entitled to preliminary injunctive relief. McSorley v. N. Nevada Corr. Ctr., 225 Fed.Appx. 448, 449 (9th Cir. 2007). The limited facts Plaintiff has presented and his layman's opinion that he must have a surgery on an immediate basis is not sufficient for the Court to overrule the decisions of his treating medical staff and medical decision-makers and intercede in their provision of medical care to Plaintiff.

Plaintiff has also not shown any likelihood that he will suffer irreparable harm in the absence of injunctive relief here. The few facts available instead suggest that Plaintiff's surgery recommendation was not made on an urgent or emergency basis. Plaintiff's recent health care examinations over a period of several months show that despite his complaints of pain, his wrist does not appear to be worsening or showing signs of infection.

The Court also does not find that Plaintiff has shown that the balance of equities tips in his favor, or that an injunction is in the public interest. Rather, there is some indication that the surgery could in fact present risks of harm to Plaintiff due to his history of self-mutilating his surgical wounds, which could result in infections, a loss of function, or other serious medical issues. (See Spaeth Decl. ¶ 5.)

Based on the foregoing, the Court will recommend that Plaintiff's motion be denied.

### III.

### CONCLUSION, ORDER, AND RECOMMENDATION

According, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 7) be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 20, 2017**

_____
UNITED STATES MAGISTRATE JUDGE