UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MILLNER,<br><br>    Plaintiff,<br><br>v.<br><br>DR. DILEO, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00507-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND TO MODIFY DISCOVERY AND SCHEDULING ORDER, DENYING PLAINTIFF'S MOTION ASKING COURT NOT TO GRANT DEFENDANTS' MOTION TO COMPEL DEPOSITION AND THE ENLARGEMENT OF DISCOVERY, AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 48, 49, 51, 52) |

Plaintiff James W. Millner is a state prisoner proceeding *pro se* in the instant civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), all parties have consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 6, 30.)

Currently before the Court are Defendants' motion to compel Plaintiff's deposition and to modify discovery and scheduling order, filed on December 5, 2018, Plaintiff's motion asking the Court not to grant Defendants' request to compel deposition and the enlargement of discovery, filed on December 13, 2018, and Plaintiff's motion for appointment of counsel, filed on January 17, 2019. (ECF Nos. 48, 49, 52.)

///

1

# I.

# RELEVANT HISTORY

This action proceeds on Plaintiff's claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Dr. DiLeo, Dr. Ulit, and Chief Physician Spaeth. (ECF Nos. 1, 28.)

On April 6, 2018, the Court issued a discovery and scheduling order. (ECF No. 35.)

On December 5, 2018, Defendants filed a motion to compel Plaintiff's deposition and to modify the discovery and scheduling order. (ECF No. 48.)

On December 13, 2018, Plaintiff filed a motion asking the Court not to grant Defendants' request to compel deposition and the enlargement of discovery. (ECF No. 49.)

On December 18, 2018, the Court issued an order directing Defendants to supplement their motion to compel with the transcript of the November 30, 2018 deposition proceedings. (ECF No. 50.) The Court informed Defendants that they could make a separate filing or include the transcript with their reply brief. (Id.)

On December 31, 2018, Defendants filed a reply brief addressing the issues raised by Plaintiff in his opposition. (ECF No. 51.) Defendants submitted the complete transcript of the November 30, 2018 deposition proceedings as a part of their reply. (ECF No. 51-2.)

On January 17, 2019, Plaintiff filed a "Supplement to (ECF No. 49) After Defendants['] Supplement to (ECF No. 48) Ordered by the Court (ECF No. 50)." (ECF No. 52.) Part of Plaintiff's supplement is a motion for appointment of counsel if Defendants' motion to compel Plaintiff's deposition is granted. (Id. at 5-6.) Defendants have not filed any response to Plaintiff's motion for appointment of counsel.

Therefore, Defendants' motion to compel Plaintiff's deposition and to modify discovery and scheduling order, Plaintiff's motion asking the Court not to grant Defendants' motion to compel deposition and the enlargement of discovery, and Plaintiff's motion for appointment of counsel have been submitted for review without oral argument pursuant to Local Rule 230(l).

//

///

## II.

## DISCUSSION

**A. Defendant's Motions to Compel and to Modify Discovery and Scheduling Order and Plaintiff's Opposing Motions**

Federal Rule of Civil Procedure 26(b)(1) states that, "[u]nless otherwise limited by court order," "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Federal Rule of Civil Procedure 30(a)(2)(B) and (b)(1) provides that a party may depose a prisoner by oral examination if the party seeking to depose the prisoner obtains leave of court and gives every other party "reasonable written notice" of, among other things, the time of the deposition. Here, the discovery and scheduling order issued in this case gives Defendants leave to court to depose Plaintiff so long as Defendants serves Plaintiff and all other parties with the notice required by Rule 30(b)(1) at least fourteen (14) days before the deposition. (ECF No. 35, at 2.)

On November 16, 2018, Defendants served Plaintiff by mail with a notice that his deposition was scheduled for November 29, 2018, at 9:30 a.m., at Pleasant Valley State Prison. (ECF Nos. 48-1 & 48-2, Declaration of M. Sharma, ¶ 4, Ex. A.) On November 19, 2018, Defendants' counsel realized that he had erroneously scheduled Plaintiff's deposition on November 29, 2018, rather than on November 30, 2018. (Id. at ¶ 5.) As a result, on the same day, Defendants served Plaintiff by mail with an amended notice that his deposition was scheduled for November 30, 2018, at 9:30 a.m., at Pleasant Valley State Prison. (Id. at ¶ 5, Ex. B.) Plaintiff did not object to either the original deposition notice or the amended deposition notice. (Id. at ¶¶ 4-5.)

On November 30, 2018, Defendants' counsel appeared at Pleasant Valley State Prison to take Plaintiff's deposition. Plaintiff appeared but argued that the deposition was improper because he did not receive the deposition notices, he was entitled to counsel to represent him at the deposition and that he had a pending motion for appointment of counsel, and Defendants were required to seek a court order before deposing him. (Id. at ¶ 6.) When Defendants' counsel asked Plaintiff if they could proceed with the deposition and then Plaintiff could file any objections and request for sanctions with the Court afterward, Plaintiff refused to proceed with the deposition and

answer any of Defendants' counsel's questions.  (ECF No. 51-2, Nov. 30, 2018 Deposition Transcript, 7:16-8:5.)  After Defendants' counsel told Plaintiff that they were going to take a quick break to see if he could get a hold of the Court, Plaintiff stated that he refused to stay and was going to leave.  (Id. at 9:12-20.)  After some more discussion regarding Plaintiff's objections to the deposition and Plaintiff again refused to answer any questions, Defendants' counsel decided to stop the deposition.  (Id. at 14:24-15:3.)

Now, Defendants move to compel Plaintiff to cooperate and answer questions at his deposition and to modify the discovery and scheduling order to allow Defendants to take Plaintiff's deposition and then file a merits-based dispositive motion, if they choose to.

In opposition, while Plaintiff now concedes that he received the amended notice scheduling the November 30, 2018 deposition on November 22, 2018 and that he did not have a motion for appointment of counsel pending before the Court on November 30, 2018, Plaintiff still contends that he properly objected to the November 30, 2018 deposition because Defendants did not serve the amended deposition notice at least 14 days before the deposition.  Plaintiff is correct that Defendants failed to serve the amended notice scheduling Plaintiff's deposition on November 30, 2018 at least 14 days before the deposition.  However, Plaintiff's objection that he received inadequate notice of the November 30, 2018 deposition is overruled because Plaintiff waived the objection by not promptly serving Defendants with a written objection to the amended deposition notice pursuant to Rule 32(d)(1) or promptly filing a motion seeking a protective order pursuant to Rule 26(c) on the ground that he received inadequate notice of the scheduled deposition.  Fed. R. Civ. P. 32(d)(1) ("An objection to an error or irregularity in a deposition notice is waived unless promptly served in writing on the party giving the notice."); see Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").  Additionally, Defendants' counsel attempted to seek a ruling from the Court in an effort to avoid further expenses and delay, but Plaintiff failed to participate in good faith in that process.

Next, Plaintiff contends that the Court should deny Defendants' motion to compel because he will greatly suffer if Defendants are allowed to depose him.  Specifically, Plaintiff states that he

4

fears that he could mistakenly say the wrong thing in his deposition and discredit the currently pending appeal of the criminal judgment rendered against him. However, Plaintiff has failed to establish how answering questions about the events that his Eighth Amendment deliberate indifference claim is based on or about matters relevant to Defendants' defenses to Plaintiff's deliberate indifference claim could potentially discredit his currently pending criminal appeal. Further, having commenced this action, Plaintiff is required to fully participate in all stages of the proceedings. It would be fundamentally unfair and prejudicial to Defendants to permit Plaintiff to continue to pursue this action without requiring his attendance and cooperation at his deposition.

Therefore, Defendants' motion to compel Plaintiff's deposition is granted and Plaintiff's motion asking the Court not to grant Defendants' motion to compel is denied. Plaintiff must appear for his rescheduled deposition at the time and place noticed by Defendants, who are to coordinate scheduling with the appropriate officials at Plaintiff's place of incarceration. Defendants must provide Plaintiff with proper notice of the deposition at least fourteen (14) days in advance. Plaintiff is directed to appear at his rescheduled deposition and to fully cooperate in answering all questions to the best of his ability. Plaintiff is advised that "[a]n objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). Plaintiff's failure to fully cooperate with the Defendants' properly noticed deposition request will be grounds for sanctions, which may include dismissing this action entirely. Fed. R. Civ. P. 37(b).

Finally, based on the above discussion, it is clear that the parties need additional time to complete discovery in this case. Therefore, the Court finds that there is good cause to amend the discovery and scheduling order and extend the deadlines for the completion of all discovery and for filing all dispositive motions. Fed. R. Civ. P. 16(b)(4). Consequently, Defendants' motion to modify the discovery and scheduling order is granted and Plaintiff's motion to deny the enlargement of discovery is denied. The Court sets forth new deadlines as to discovery and dispositive motions below.

**B.     Plaintiff's Motion for Appointment of Counsel**

In his motion, Plaintiff contends that the Court should appoint counsel to represent him in this action, or at least for his rescheduled deposition, because he cannot afford to hire a lawyer, his repeated efforts to obtain a lawyer have been unsuccessful, the medical records at issue in this action are unusually complex, and Plaintiff has serious disabilities that make it difficult for him to articulate and communicate his claims.

However, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id.  (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

At the present, the Court does not find the required exceptional circumstances necessary to justify granting a request for voluntary assistance of counsel.  At this stage of the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits of his Eighth Amendment deliberate indifference claim.  Further, after reviewing the record in this case, the Court finds that the claim involved in this action, deliberate indifference to a serious medical need, is not exceptionally complex and that Plaintiff has demonstrated sufficient ability to articulate his claim and understand the proceedings.  Finally, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish exceptional circumstances.  Therefore, Plaintiff's motion for appointment of counsel is denied, without prejudice.

**IV.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel Plaintiff's deposition, (ECF No. 48), is GRANTED;
2. Plaintiff's motion asking the Court not to grant Defendants' request to compel deposition, (ECF No. 49), is DENIED;
3. Plaintiff is required to appear at his properly noticed rescheduled deposition and to fully cooperate in answering all questions to the best of his ability;
4. Defendants' motion to modify the discovery and scheduling order, (ECF No. 48), is GRANTED;
5. Plaintiff's motion asking the Court not to grant the enlargement of discovery, (ECF No. 49), is DENIED;
6. The deadline for the completion of all discovery is **July 19, 2019**;
7. The deadline for filing dispositive motions is **September 3, 2019**;
8. All other substantive provisions of the Court's April 6, 2018 discovery and scheduling order, (ECF No. 35), remain in full force and effect; and
9. Plaintiff's motion for appointment of counsel, (ECF No. 52), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **June 4, 2019**

UNITED STATES MAGISTRATE JUDGE