# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MILLNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. DILEO, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00507-SAB (PC)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER<br><br>(ECF No. 58) |

Plaintiff James W. Millner is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's "Opposition: In Part to Defendant's Notice of Deposition [on] July 15, 2019[,]" filed on July 8, 2019. (ECF No. 58.) The Court interprets Plaintiff's motion as a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c).

Rule 26(c) states, in relevant part, that "[a] party … from whom discovery is sought may move for a protective order in the court where the action is pending" and "[t]he court may, for good cause, issue an order to protect a party … from annoyance, embarrassment, oppression, or undue burden or expense[.]" "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. GMC, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

1

Here, Plaintiff states that, in the notice of his July 15, 2019 deposition, Defendants have said that, if Plaintiff's deposition is not completed on July 15, 2019, the deposition will be continued, at the option of the noticing party, either from day to day or to be continued until a date certain.  Plaintiff argues that this language in the deposition notice means that Defendants can take "until infinity is over to complete his deposition" in violation of the Court's June 4, 2019 order that all discovery must be completed by July 19, 2019.

However, since Plaintiff has not presented the Court with any evidence that Plaintiff's deposition will not be completed on or before July 19, 2019, Plaintiff's claim of prejudice or harm is speculative.  Therefore, the Court finds that Plaintiff has not met his burden of showing specific prejudice or harm will result if no protective order is granted.  Accordingly, Plaintiff's motion for a protective order, (ECF No. 58), is HEREBY DENIED, without prejudice to being renewed at the deposition if the issue actually arises and good cause for continued hearing is not shown by the Defendants.  In making its ruling, the Court assumes that the deposition with start promptly and/or without unreasonable delay by either party.  Good cause may be shown if unreasonable delay occurs either before or during the deposition by either side.

IT IS SO ORDERED.

Dated:  **July 11, 2019**

_____
UNITED STATES MAGISTRATE JUDGE