# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MILLNER,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. DILEO, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00507-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AS TO DISPOSITIVE MOTION DEADLINE, AND DENYING PLAINTIFF'S REQUEST FOR AN IMPARTIAL MEDICAL EXPERT WITNESS<br><br>(ECF Nos. 60, 61) |

Plaintiff James W. Millner is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants DiLeo, Ulit, and Spaeth, in their individual capacity, for deliberate indifference to serious medical needs in violation of the Eighth Amendment, based on Plaintiff's wrist injury.

Currently before the Court is Defendants' motion requesting an extension of time to file a motion for summary judgment, filed on August 27, 2019, which the Court interprets as a motion to modify the scheduling order as to the dispositive motion deadline. (ECF No. 60.) On September 5, 2019, Plaintiff filed an opposition to Defendants' motion. (ECF No. 61.) The Court finds a reply is unnecessary and the motion is deemed submitted. Local Rule 230(l).

## I.

## DISCUSSION

**A.    Defendants' Motion to Modify the Scheduling Order**

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily

1

considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Defendants argue that good cause exists to modify the dispositive motion deadline because Defendants' counsel, who has only represented the Defendants since late June 2019, has concluded that further investigation of this case needs to be conducted before any motion for summary judgment is filed. (ECF No. 60-1, Declaration of Virginia I. Papan, ¶¶ 3-4.) Specifically, after taking Plaintiff's deposition on July 15, 2019 and reviewing the deposition transcript and related medical records, Defendants' counsel concluded that she needs to retain a specialist to review Plaintiff's relevant medical records and prepare an expert report regarding each Defendant's treatment and care of Plaintiff's injured left wrist. (Id.)

Plaintiff opposes the Defendants' motion to modify the dispositive motion deadline. Plaintiff argues that, if the Court grants Defendants' motion, the additional time will permit Defendants to obtain a biased medical evaluation in their favor that they can then use as evidence to support their summary judgment motion. (ECF No. 61, at 2.) However, while Defendants are requesting additional time to obtain an expert report to fully evaluate each Defendant's treatment of Plaintiff, there is no evidence that the medical evaluation will be in the Defendants' favor or that the Defendants will use the medical evaluation as evidence in support of any motion for summary judgment that they file.

Therefore, having considered Defendants' request, the Court finds good cause to modify the dispositive motion deadline. Consequently, Defendants' motion to modify scheduling order is granted.

**B.  Plaintiff's Request for Appointment of an Impartial Medical Expert Witness**

In his opposition, Plaintiff requests that, if the Court grants Defendants' motion to modify the scheduling order, the Court also appoint a non-biased medical expert witness to evaluate Defendants' care and treatment of Plaintiff so that there is a balanced evaluation that can be used as evidence in this case.

Federal Rule of Evidence 702 provides, in relevant part, that "[a] witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion" if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702(a). Under Federal Rule of Evidence 706, a Court has discretion to appoint an expert witness on its own motion or pursuant to the motion of any party to the action. Fed. R. Evid. 706(a). "A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters." Armstrong v. Brown, 768 F.3d 975, 987 (9th Cir. 2014). Rule 706 "only allows a court to appoint a neutral expert." Gorton v. Todd, 793 F. Supp. 2d 1171, 1177 (citation omitted). In other words, a party may not seek appointment of an expert witness under Rule 706 "for his own benefit[.]" Id. at 1177 n.6.

"The decision of whether to appoint an expert witness under Rule 706 is discretionary." Id. at 1178. "Expert witnesses should not be appointed under Rule 706 where not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." Id. at 1181. "Expert witnesses are rarely appointed under Rule 706 because the adversary system is usually sufficient to promote accurate factfinding." Id. at 1182.

After reviewing Plaintiff's request for appointment of an impartial medical expert witness, the Court concludes that the issues in this case are not so complex as to require the opinion of a court-appointed expert on medical care to assist the trier of fact. Initially, Plaintiff himself states that the medical records dating from 2013 to 2019 are not complex. Further, to prevail on his deliberate indifference claim, Plaintiff must show that defendants acted with deliberate indifference to his serious medical needs. In the context of such a claim, "the question of whether the prison [doctors] displayed deliberate indifference towards [Plaintiff's] serious medical needs d[oes] not demand that the [trier of fact] consider probing, complex questions concerning medical diagnosis and judgment." Ledford v. Sullivan, 105 F.3d 354, 359 (7th Cir. 1997). Rather, the trier of fact will need to consider the prison officials' subjective knowledge of any risks to Plaintiff's health. See Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2002). Further, "whether a prison [doctor] acted with deliberate indifference depends on that [doctor's] state of mind[,]" so

an expert would not be able to give an opinion or testify that a prison [doctor] was "deliberately indifferent" without giving "a false impression" that the expert knows the answer, when it is the trier of fact that must decide the issue of whether the prison doctor was deliberately indifferent. Woods v. Lecureux, 110 F.3d 1215, 1221 (6th Cir. 1997); see also Ledford, 105 F.3d at 359-60. Therefore, under these circumstances, the assistance of a court-appointed medical expert witness would not be "significantly useful for the [Court] to comprehend a material issue" in this action. Gorton, 793 F. Supp. 2d at 1181. Plaintiff is always free to obtain his own expert but the Court declines to appoint its own.

Accordingly, Plaintiff's request for appointment of a neutral medical expert witness is denied.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to modify the scheduling order as to the dispositive motion deadline, (ECF No. 60), is GRANTED;
2. Plaintiff's request for appointment of a neutral medical expert witness, (ECF No. 61), is DENIED;
3. The dispositive motion deadline is extended to **December 2, 2019**; and
4. All other provisions set forth in the April 6, 2018 discovery and scheduling order, (ECF No. 35), remain in full force and effect.

IT IS SO ORDERED.

Dated: **September 9, 2019**

UNITED STATES MAGISTRATE JUDGE