# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MILLNER, | Case No. 1:17-cv-00507-SAB (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO STAY ACTION AND TO MODIFY THE SCHEDULING ORDER |
| v. | |
| DR. DILEO, et al., | (ECF No. 64) |
| Defendants. | |

Plaintiff James W. Millner is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants DiLeo, Ulit, and Spaeth, in their individual capacity, for deliberate indifference to serious medical needs in violation of the Eighth Amendment, based on Plaintiff's wrist injury.

Currently before the Court is Plaintiff's motion to stay action and to modify the scheduling order, filed on October 21, 2019. (ECF No. 64.) In his motion, Plaintiff requests that the Court stay this action and extend the December 2, 2019 dispositive motion deadline for 28 weeks for two reasons. First, Plaintiff states that he has developed dementia and has been placed in California Health Care Facility's Psychiatric Inpatient Program for six months for assessment, treatment, and to learn coping skills. Second, Plaintiff asserts that a doctor at California Health Care Facility has scheduled surgery to totally fuse Plaintiff's left wrist, which was scheduled to take place approximately seven weeks from October 15, 2019.

1

On November 13, 2019, the Court ordered Defendants to file a response to Plaintiff's motion. (ECF No. 65.)

On November 18, 2019, Defendants filed a response to Plaintiff's motion. (ECF No. 66.) In their response, Defendants state that they do not object to Plaintiff's motion to stay action. Further, Defendants request that the Court extend the dispositive motion deadline until 14 days after the stay of this action is lifted. (Id. at 1-2.)

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). This "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009). The Court should "balance the length of any stay against the strength of the justification given for it." Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).

In this case, the Court finds that a 28-week stay of this action is warranted under the circumstances. Initially, there is minimal prejudice to Defendants because the temporary stay will only be in effect while Plaintiff is undergoing the six-month inpatient psychiatric treatment program for dementia at California Health Care Facility, and Defendants have stated that they do not object to Plaintiff's request to stay this action. Further, based on Plaintiff's present circumstances, the Court finds that a temporary stay of this action is in the interest of justice. Accordingly, Plaintiff's motion to temporarily stay this action is granted.

Based on the Court's ruling on Plaintiff's motion to stay action, it is clear that additional time is needed to file dispositive motions in this case. Therefore, the Court finds that there is good cause to amend the discovery and scheduling order and extend the deadline for the filing of all dispositive motions. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Consequently, Plaintiff's motion to modify the scheduling order is granted. The Court sets forth a new deadline as to the filing of all dispositive motions

below.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to stay action and to modify the scheduling order, (ECF No. 64), is GRANTED;
2. This action is STAYED until **Monday, June 15, 2020**;
3. The dispositive motion deadline is extended to **Monday, June 29, 2020**; and
4. All other provisions set forth in the April 6, 2018 discovery and scheduling order, (ECF No. 35), remain in full force and effect.

IT IS SO ORDERED.

Dated: **November 19, 2019**

UNITED STATES MAGISTRATE JUDGE