UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. DILEO, et al.,<br><br>　　　　　Defendants. | Case No.: 1:17-cv-00507-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS, AND DENYING MOTION FOR RECONSIDERATION<br><br>[ECF Nos. 73, 74] |

　　　　Plaintiff James Millner is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Both parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 55.)

　　　　Currently before the Court is Plaintiff's objections to Defendants' motion for an extension of time to file a dispositive motion and motion for reconsideration of the Court's June 18, 2020, order, filed on June 29, 2020, respectively.

　　　　On June 17, 2020, Defendants filed a request to extend the dispositive motion deadline. Plaintiff opposes Defendants' motion and argues that Defendants have had ample time to prepare and file a dispositive motion. (ECF No. 73.) Plaintiff also opposes and seek reconsideration of the Court's June 18, 2020 order granting Defendants' motion to extend the dipositive motion deadline. (ECF No. 74.) Contrary to Plaintiff's contention, Defendants set forth good cause to extend the dispositive

1

motion deadline in that new counsel, Daniel Duan, declared as follows:

> I was recently reassigned to represent the Defendants in this case on June 8, 2020 due to current counsel's upcoming leave of absence. I have started to review the case records, and the results of the investigation by previous counsel. In addition, I am beginning to put together Defendants' motion for summary judgment, which includes declarations from Defendants and specific subject-matter experts.
>
> Based on my initial review of the case files, I have determined I will need more time in order to properly prepare Defendants' motion and the opposition to Plaintiff's motion for summary judgment. The extension of thirty days will be sufficient to allow me to adequately review all case files and prepare a motion for summary judgment and an opposition to Plaintiff's motion for summary judgment. The extension will move the deadline for Defendants to file a motion for summary judgment and an opposition to Plaintiff's motion for summary judgment to July 29, 2020.
>
> Additionally, since this case was assigned to me, I have also been assigned additional cases, *Belton v. Gutierrez, et al.*, Case No. 3:19-cv-01909-WHO (N.D. Cal.) and *Kocak v. Jiminez*, Case No. 4:18-cv-02065-JST (N.D. Cal.). In *Belton*, I will have a summary judgment motion due shortly after a stay is lifted. In *Kocak*, I am preparing for a settlement conference that has been ordered to be completed by July 15, 2020.

(Duan Decl. ¶¶ 3-5, ECF No. 70-1.)

Plaintiff has failed to demonstrate that reconsideration is warranted.  Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence surprise, or excusable neglect; (2) newly discovered evidence. . .; (3) fraud . . . by an opposing party, . . .; (4) the judgment is void; (5) the judgment has been satisfied…; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time. Id.   Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id.  Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  "A motion for reconsideration should not be granted, absent highly unusual

circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. United States. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff fails to demonstrate that the undersigned erred in finding good cause to extend the dispositive motion deadline based on Defendants' June 17, 2020 motion. Plaintiff simply disagrees with the Court's June 18, 2020 order. However, he has failed to demonstrate that the June 18, 2020 order was clearly erroneous or contrary to the law. Accordingly, Plaintiff's objections are overruled and his request for reconsideration is denied.

IT IS SO ORDERED.

Dated:   **June 30, 2020**

UNITED STATES MAGISTRATE JUDGE